IN THE UNITED STATES DISTRICT COURT
FOR THE
MIDDLE DISTRICT OF PENNSYLVANIA

ROBERT HAVILAND,
    Petitioner

v().

SUPERINTENDENT CAMERON,
    Respondent

CIVIL NO. 3:CV-15-1035

(Judge Conaboy)

FILED
SCRANTON
AUG 2 6 2015
PER_____ CT
DEPUTY CLERK

## MEMORANDUM
### Background

Robert Haviland, an inmate presently confined at the State Correctional Institution, Houtzdale, Pennsylvania (SCI-Houtzdale), initiated this pro se petition for writ of habeas corpus pursuant to 28 U.S.C. § 2254. The required filing fee has been paid.

Petitioner challenges the legality of his February 2, 2012 guilty plea to multiple charges in the Schuylkill County Court of Common Pleas.

On July 28, 2015, this Court issued an Order in accordance with United States v. Miller, 197 F.3d 644 (3d Cir. 1999) and Mason v. Meyers, 208 F.3d 414 (3d Cir. 2000).[1] See Doc. 7. Specifically, the Order directed Petitioner to complete an attached Notice of Election wherein he had to elect to either (1) have his petition ruled on as filed, that is, as a § 2254 petition for writ

---

[1] Miller and Mason sought to prevent pro se litigants from unintentionally defaulting federal claims through failure to assert them in a single petition.

1

of habeas corpus and heard as such, but lose his ability to file a second or successive petition absent certification by the Court of Appeals, or (2) withdraw his petition and file one all-inclusive § 2254 petition within the one-year statutory period prescribed by the Antiterrorism Effective Death Penalty Act.

On August 25, 2015, Haviland filed the Notice of Election form wherein he notified the Court that he wished to withdraw his instant petition so that he may file one all-inclusive petition under 28 U.S.C. § 2254 within the one-year limit for filing such a petition. See Doc. 8.

Based upon an application of the standards announced in Miller/Mason to Haviland's announced intention that he does not wish to proceed with his present petition, this Court is precluded from ruling upon his action as filed. Consequently, since Haviland has expressed that he does not wish to proceed with his petition as filed, it will be deemed withdrawn. The dismissal will be entered without prejudice. However, Petitioner, if he so chooses, may file a new federal habeas petition upon conclusion of his state court remedies.[2] An appropriate Order will enter.

                                              RICHARD P. CONABOY
                                              United States District Judge

DATED: AUGUST 26th, 2015

---

[2] Haviland is forewarned that his new petition would have to be submitted within the one year period of limitation authorized under 28 U.S.C. § 2244(d)(1).

2